IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACQUELINE FAUSTO,

        Plaintiff,

    v.

METRO AREA COLLECTION SERVICES,
INCORPORATED, an Oregon Corporation
and JON MCHENRY,

        Defendants.

Case No. CV 05-222-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Pending before the court is plaintiff's motion for attorney fees, costs, and disbursements filed on April 25, 2005. Defendants timely filed objections and requested oral argument. The court finds the briefing sufficient to resolve this matter and, therefore, DENIES defendants' request for oral argument. For the reasons which follow, plaintiff is awarded $4,269.95 in reasonable attorney fees and $568.83 in costs and disbursements.

Background

On March 24, 2005, a notice of acceptance of offer of judgment pursuant to Fed. R. Civ. P. 68 was entered for plaintiff's 15 U.S.C. § 1692 (FDCPA), 42 U.S.C. § 1983, Wrongful Garnishment, and Conversion claims. (Doc. #10) Accordingly, this court entered judgment on behalf of plaintiff in the amount of $4,000. (Doc. #11) The judgment issued by this court ordered that costs, disbursements, and reasonable attorneys' fees would be determined post judgment. (Id.) Plaintiff has moved for attorney fees in the amount of $12,718.20 as well as costs and disbursements in the sum of $568.83 under the fee shifting provisions of 15 U.S.C. § 1692k (a)(3) and 42 U.S.C. § 1988. (Pl.'s Mot. for Attorney Fees at 2.) Defendant has objected and requests oral argument. (Defs.' Objections to Pl.'s Attorney Fees at 1.)

Discussion

Although plaintiff is the prevailing party in this action, she is only entitled to attorney fees under the fee shifting provisions of 15 U.S.C. § 1692k (a)(3) and 42 U.S.C. § 1988. This court must determine whether the requested fees and costs are reasonable. Defendants contend that certain hours plaintiff's counsel incurred were unnecessary, duplicative, or excessive and require a reduction in the amount of fees plaintiff seeks. (Defs.' Mem. in Supp. of Defs.' Obejections to Attorney Fees at 8.) The court agrees.

I. Attorney Fees

The starting point for the determination of reasonable attorney fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir. 1987) citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. Jordan, 987 F.2d at 1262. The court may decide to increase or reduce

the lodestar figure on an evaluation of factors not already subsumed in the initial lodestar calculation. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1212 (9th Cir. 1986). These factors, known as the Kerr factors, include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

A reasonable number of hours is determined through court review of detailed time records to analyze whether the hours claimed are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. Chalmers, 796 F.2d at 1210. Such records must be "sufficient[ly] detail[ed] that a neutral judge [could] make a fair evaluation of the time expended, the nature and need for service, and the reasonable fees to be allowed." Jordan, 815 F.2d at 1262 quoting Hensley, 461 U.S. at 441 (Burger, C.J., concurring). The determination of a reasonable rate is based upon the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Chalmers, 796 F.2d at 1210. Accordingly, a court may eliminate specific hours in the calculation of the lodestar or simply reduce the award. Id.

    A. Hours Reasonably Expended

Defendants argue that certain fees claimed prior to 1/18/05, the date the complaint was filed, were incurred for plaintiff's wrongful garnishment and conversion claims and not for either

PAGE 3 - OPINION AND ORDER

the FDCPA or the 1983 claims for which attorney fees may be awarded. (Defs.' Mem. in Supp. of Defs. Objections to Attorney Fees at 9.) Upon detailed review of plaintiff's time records, the court strikes the following hours incurred solely for plaintiff's wrongful garnishment and conversion claims:

| Date | Hours | Description |
|---|---|---|
| 01/13/05 | 0.70 | Call to client; review cause of action for garnishment; second call to client regarding garnishment |
| 02/09/05 | 0.40 | Client conference regarding garnishment; call to Clackamas County Small Claims regarding garnishment |
| 02/10/05 | 0.35 | Conference with client for garnishment; call from defendants' counsel regarding settlement |
| 02/14/05 | 0.10 | Call from client regarding garnishment; placed call to defendants' counsel. |

Defendants also assert that the 4.9 hours plaintiff's counsel spent on 01/18/05 to prepare the complaint and the 1.2 hours counsel billed on 01/25/2005 to review the complaint with plaintiff and to file the complaint with the court were unreasonable and should be reduced. Id. The court agrees and reduces the time awarded to preparing and filing the complaint to three hours. See Chalmers, 796 F.2d at 1210. Similarly, defendants object to the 3.7 hours incurred on 03/08/05 for filing an amended complaint. (Defs.' Mem. in Supp. of Defs.' Objections to Attorney Fees at 9.) Although the amended complaint only added one additional claim and punitive damages, plaintiff's counsel charged 3.7 hours to prepare and file it. The court finds these hours unreasonable and strikes them completely. See Chalmers, 796 F.2d at 1210.

Defendants further contend that the 2.80 hours incurred on 03/16/05 and the 1.2 hours

incurred on 03/18/05 for research on the offer of judgment and Rule 68 are unreasonable and excessive. (Defs.' Mem. in Supp. of Defs.' Objections to Attorney Fees at 9.) The court agrees and reduces the time awarded for the offer of judgment to one hour. See Chalmers, 796 F.2d at 1210.

Plaintiff seeks 24.7 hours for time incurred between 03/29/05 and 04/25/05 for the request of attorney fees. (Aff. of Counsel in Supp. of Pl.'s Mot. for Attorney Fees Ex. A at 12-15.) Plaintiff's counsel's total billable hours for this action are 54.12 and 24.7 thereof were incurred for requesting attorney fees. The court finds this amount of time unreasonable and strikes all 24.7 hours incurred for requesting attorney fees because no other reasonable amount is supported by plaintiff's submissions to the court. See Chalmers, 796 F.2d at 1210; see also Hensley, 461 U.S. at 437 (a request for attorney's fees should not result in a second major litigation).

B. Reasonable Hourly Rate

Defendants do not dispute the claimed hourly rate. Plaintiff's counsel has practiced in Oregon since 1981and has focused on civil litigation for the past 15 years. (Aff. of Counsel in Supp. of Pl.'s Mot. for Attorney Fees ¶¶ 4-7.) Counsel's hourly rate has been $235 per hour since 2003. (Id.) The court finds counsel's claimed hourly rate reasonable based on his years of experience and the prevailing community rate for similar attorneys[1]. See Chalmers, 796 F.2d at 1210.

C. Lodestar Calculation

---

[1] Oregon State Bar 2002 Economic Survey, available at http://www.osbar.org/surveys_research/econsurv02/econsurvey02.html (September 2002).

The court awards plaintiff $4,269.95 in reasonable attorney fees in this action based on 18.17 hours at $235 per hour.

II. Costs

Plaintiff also moves for $318.83 in costs and $250 as a prevailing party fee under ORS 20.190(2)(a)(A). After a review of plaintiff's bill of costs (Doc. #13), this court finds that the costs are appropriate and necessarily incurred. The court further finds that plaintiff is entitled to the prevailing party fee under ORS 20.190(2)(a)(A).

Conclusion

Accordingly, the court awards plaintiff $4,269.95 in reasonable attorney fees and $568.83 in costs and disbursements. The court DENIES defendants' request for oral argument.

IT IS SO ORDERED.

DATED: Portland, Oregon, July  6 , 2005.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge